# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF ILLINOIS
### EAST ST. LOUIS DIVISION

| | | |
|---|---|---|
| L.M. | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | **Case No.  18-1668-NJR-DGW** |
| **v.** | ) | |
| | ) | |
| **SOUTHERN ILLINOIS UNIVERSITY** | ) | |
| **AT EDWARDSVILLE (SIUE) and** | ) | |
| **RANDALL G. PEMBROOK, in his** | ) | |
| **Official capacity as Chancellor of SIUE,** | ) | |
| | ) | |
| **Defendants.** | ) | |

## MEMORANDUM IN SUPPORT OF DEFENDANTS' MOTION TO DISMISS PLAINTIFF'S COMPLAINT

COME NOW Defendants Southern Illinois University at Edwardsville[1] ("SIUE" or "University") and Randall G. Pembrook, in his official capacity as Chancellor of SIUE ("Chancellor Pembrook") (collectively "Defendants"), by and through their attorneys, TUETH KEENEY COOPER MOHAN & JACKSTADT, P.C., and in support of their Motion to Dismiss Plaintiff's Complaint, pursuant to Federal Rule of Civil Procedure 12(b)(6) and SDIL – LR 7.1, state as follows:

## INTRODUCTION

Plaintiff has filed a six-count Complaint arising out of SIUE's finding that Plaintiff engaged in conduct that violated SIUE's Sexual Assault, Sexual Misconduct and Relationship

---

[1] Defendant, Board of Trustees of Southern Illinois University, is improperly captioned as "Southern Illinois University at Edwardsville." Pursuant to 110 ILCS 520/7, the proper party is the "Board of Trustees of Southern Illinois University."

Violence Policy & Procedures ("Policy & Procedures"). [2] *See Complaint* (Doc. 1, Ex. A). Despite the fact that Plaintiff had access to numerous procedural protections, including notice, a reasonable opportunity to be heard, two levels of administrative appeal (including a live hearing), and the right to have counsel present during the pre-deprivation hearing, *and,* importantly, despite the fact that Plaintiff *graduated* from SIUE in May 2018, Plaintiff claims that Defendants have violated a myriad of his constitutional rights. These claims are brought against the University as well as Chancellor Pembrook in his official capacity. As discussed herein, these claims (found in Counts I – III) are claims against the state, and thus are precluded by 42 U.S.C. § 1983 and the Eleventh Amendment. To the extent Plaintiff seeks prospective relief pursuant to Section 1983, those claims must fail because Plaintiff has not pled a protectible interest, nor has he pled allegations that would demonstrate a violation of any constitutional rights to which he may be entitled.

Plaintiff also claims that Defendants discriminated against him on the basis of his sex in violation of Title IX of the Education Amendments of 1972, 20 U.S.C. § 1681 ("Title IX"). (Compl. ¶ 32-63; Compl. Ex. 1). As discussed herein, Plaintiff's bare assertions of sex discrimination are not sufficient, and those claims must be dismissed. Finally, Plaintiff seeks judicial review of Chancellor Pembrook's decision upholding the findings of SIUE's Sexual Harassment Panel under the Illinois Administrative Review Law, 735 ILCS 5/3–101 *et seq.*

---

[2] Plaintiff attached copies of SIUE Policies 2C13 & 3C14 (Sexual Assault, Sexual Misconduct and Relationship Violence Policy & Procedures) and 2C5 & 3C4 (Sexual Harassment Complaint Procedures) to his Complaint. Thus, the Court may consider these documents without converting Defendants' Motion to Dismiss into a Motion for Summary Judgment. See *Adams v. City of Indianapolis*, 742 F.3d 720, 729 (7th Cir. 2014); Fed. R. Civ. P. 10(c). The photocopies of these policies attached to Plaintiff's Complaint are difficult to read. Copies of these policies are found on SIUE's website at the following urls: https://www.siue.edu/policies/2c13.shtml (2C13 & 3C14) and https://www.siue.edu/policies/2c5.shtml (2C5 & 3C4).

(Compl. ¶ 57-63).  As discussed herein, this particular statute does not apply to SIUE, and thus is not a remedy available to Plaintiff.

For the reasons stated herein, Plaintiff's Complaint fails to state claims upon which relief may be granted and should thus be dismissed pursuant to Federal Rule of Civil Procedure 12(b)(6).

## **FACTUAL ALLEGATIONS**[3]

Plaintiff L.M. is a male and a former SIUE student.  (Compl. ¶ 1).  Plaintiff graduated from SIUE in May 2018.  (Compl. ¶ 43).  During the fall 2017 semester, a female SIUE student accused Plaintiff of sexual misconduct stemming from events that occurred at an off-campus apartment on October 15, 2017.  (Compl. ¶ 5).  The female student alleged that Plaintiff engaged in non-consensual sexual intercourse with her while she was incapacitated and unable to consent at approximately 2:00am, 4:00am, and 10:00am on October 15, 2017.  (Compl. ¶ 5).  The allegations were reported to the SIUE Office of Equal Opportunity, Access, and Title IX Coordination, and an investigation was conducted by Ms. Kara Shustrin, Associate Dean of Students.  (Compl. ¶ 8).  On April 25, 2018, Ms. Shustrin issued a written investigation report, concluding that Plaintiff committed a violation of SIUE's Sexual Assault, Sexual Misconduct, and Relationship Violence Policies and Procedures by engaging in non-consensual sexual intercourse with the female student while she was incapacitated and unable to consent at approximately 2:00am and 4:00am on October 15, 2017.  (Compl. ¶ 8).

Pursuant to SIUE's Sexual Harassment Complaint Procedures, Plaintiff appealed the results of the investigation to SIUE's Sexual Harassment Panel.  (Compl. ¶ 13).  The Sexual

---

[3] The following summary is taken from the allegations in the Complaint and exhibits thereto. These allegations are assumed to be true solely for the purposes of Defendants' Motion to Dismiss.

Harassment Panel held an appeal hearing on May 18, 2018.  (Compl. ¶ 13).  Plaintiff attended the appeal hearing with his attorney.  (Compl. ¶ 16).  The female student also attended the hearing, but she was not represented by counsel.  (Compl. ¶ 16).  During the appeal hearing, the Sexual Harassment Panel considered documentary evidence and live testimony from both Plaintiff and the female student.  (Compl. ¶ 13).  Plaintiff was permitted to submit questions for the Sexual Harassment Panel to ask the female student, and the Sexual Harassment Panel asked the questions submitted by Plaintiff.  (Comp. ¶ 18).

On June 4, 2018, the Sexual Harassment Panel issued its Report of Findings, determining that a preponderance of the evidence supported the female student's allegations that Plaintiff committed a violation of SIUE's Policies and Procedures, specifically for engaging in non-consensual sexual intercourse with the female student while she was incapacitated and unable to consent at approximately 2:00am on October 15, 2017. (Compl. ¶ 22-23).  As a result, the Sexual Harassment Panel recommended that Plaintiff remain unable to return to SIUE as a student for a period of one academic year (since he graduated in May 2018), and that Plaintiff be restricted from being in university housing facilities during the period of the suspension.  (Compl. ¶ 43).

Plaintiff appealed the Sexual Harassment Panel's findings to Chancellor Pembrook. (Compl. ¶ 25).  On June 19, 2018, Chancellor Pembrook issued a letter to Plaintiff's counsel upholding the decision of the Sexual Harassment Panel.  (Compl. ¶ 25).

On July 23, 2018, Plaintiff filed a lawsuit in the Third Judicial Circuit, Madison County, Illinois, naming SIUE and Chancellor Pembrook as defendants.  Plaintiff generally disagrees with the outcome of the investigation, the subsequent hearing before SIUE's Sexual Harassment Panel, and Chancellor Pembrook's decision upholding the findings of SIUE's Sexual Harassment Panel. (Compl. ¶ 3).  As noted above, Plaintiff also claims that SIUE's Sexual Harassment Complaint

Procedures deprived him of fundamental due process under 42 U.S.C. § 1983 and discriminated against him on the basis of his sex in violation of Title IX.  (Compl. ¶ 32-63; Compl. Ex. 1).

Plaintiff claims that the following aspects of SIUE's sexual harassment complaint procedures are deficient:

1. SIUE's sexual harassment complaint procedures do not mirror the rules of criminal procedure or the substantive requirements of criminal law.  (Compl. ¶ 31(F-J)).

2. Plaintiff's counsel was allowed to attend the hearing before the SIUE Sexual Harassment Panel, but was not allowed to directly participate in the hearing.  (Compl. ¶ 31(L-M)).

3. Plaintiff was denied effective cross-examination of witnesses at the hearing before the SIUE Sexual Harassment Panel because he was only allowed to submit written questions to the panel.  (Compl. ¶ 31(N-P)).[4]

Plaintiff claims that these deficiencies violate his civil rights.  (Compl. ¶ 43).  Plaintiff also seeks judicial review of Chancellor Pembrook's written decision.  (Compl. ⁋ 57-63).  On August 30, 2018, Defendants removed this case to the United States District Court for the Southern District of Illinois pursuant to 28 U.S.C. § 1441 and 28 U.S.C. § 1446.

## <u>ARGUMENT</u>

### I.   **LEGAL STANDARD**

A motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) challenges the viability of a complaint by arguing that it fails to state a claim upon which relief may be granted.

---

[4] In his Complaint, Plaintiff attacks SIUE's Policy & Procedures as "irrational," "indefensible," and that they "make no sense," especially with regard to the role of attorneys and cross-examination.  (Compl. ⁋ 31 M – U).  Defendants note that these specific portions of the Policy & Procedures comport with the Illinois "Preventing Sexual Violence in Higher Education Act," 110 ILCS 155/1, *et seq.*, which applies to higher education institutions located in Illinois.

*Camasta v. Jos. A. Bank Clothiers, Inc.,* 761 F.3d 732, 736 (7th Cir. 2014).  Under Rule 8(a)(2), a complaint must include "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2).  Though detailed factual allegations are not needed, a "formulaic recitation of a cause of action's elements will not do." *Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 555 (2007).  The complaint must contain "enough facts to state a claim to relief that is plausible on its face." *Bissessur v. Ind. Univ. Bd. of Trs.,* 581 F.3d 599, 602 (7th Cir. 2009).  A claim has facial plausibility "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.*

In ruling on Rule 12(b)(6) motions, the court must treat all well-pleaded allegations as true and draw all inferences in favor of the non-moving party. *In re marchFIRST, Inc.,* 589 F.3d 901, 904 (7th Cir. 2009).  However, to survive a motion to dismiss under Rule 12(b)(6), a plaintiff's complaint must plausibly suggest that the plaintiff has a right to relief, "raising that possibility above a 'speculative level.'" *EEOC v. Concentra Health Servs., Inc.,* 496 F.3d 773, 776 (7th Cir. 2007) (citing *Twombly,* 550 U.S. at 555).

## II.  COUNTS I, II, AND III (42 U.S.C. § 1983) FAIL TO STATE CLAIMS UPON WHICH RELIEF MAY BE GRANTED AGAINST DEFENDANTS

Counts I, II, and III of Plaintiff's Complaint assert claims against SIUE and Chancellor Pembrook under 42 U.S.C. § 1983 ("Section 1983").  Plaintiff argues that SIUE's sexual harassment complaint procedures, as applied, violated his "due process" and "constitutional" rights.  (Compl. ¶ 32-43).  As discussed below, any claims for monetary damages against Defendants must be dismissed because they are not "person[s]" within the meaning of 42 U.S.C. § 1983 against whom money damages may be awarded.  In addition, those claims are precluded by the Eleventh Amendment. To the extent Plaintiff seeks prospective relief, he fails to state a

claim because he has not identified a protectable interest, and because Defendants provided him with all the process to which he may be entitled.

### A. Defendants SIUE and Chancellor Pembrook are Not "Persons" under Section 1983.

A "person" suable for damages under Section 1983 does not include a state, a state agency, or a state official sued in her official capacity. *Will v. Michigan Dep't of State Police*, 491 U.S. 58 (1989). The United States Court of Appeals for the Seventh Circuit has specifically held that, "a state university is not a person within the meaning of § 1983 and therefore not subject to suits brought under § 1983." *Kaimowitz v. Bd. of Trustees of Univ. of Illinois*, 951 F.2d 765, 767 (7th Cir. 1991). As such, Defendants SIUE and Chancellor Pembrook (sued here in his official capacity only), are not "persons" suable for damages under Section 1983. Therefore, Plaintiff's Section 1983 claims seeking money damages (including Count III) against SIUE and Chancellor Pembrook should be dismissed.

### B. Plaintiff's Section 1983 Claim for Compensatory Damages (Count III) is Barred by the Eleventh Amendment.

The Seventh Circuit has repeatedly recognized that state universities as well as their governing bodies are protected from suit for money damages in federal court under the Eleventh Amendment. *See, e.g., Kaimowitz v. Bd. of Trs. of the Univ. of Ill.*, 951 F.2d 765, 767 (7th Cir. 1991); *Cannon v. Univ. of Health Scis./Chi. Med. Sch.*, 710 F.2d 351, 356 (7th Cir. 1983). Suits against a state employee "in [his] official capacity" are also deemed suits against the State and within the scope of the Eleventh Amendment. *Kashani v. Purdue Univ.*, 813 F.2d 843, 848 (7th Cir. 1987). Section 1983 is not an exception to sovereign immunity. *Thomas v. Illinois*, 697 F.3d 612, 613 (7th Cir. 2012). For this reason, as well as the reason stated above, Plaintiff's Section 1983 claims seeking money damages against SIUE and Chancellor Pembrook should be dismissed.

The Eleventh Amendment is not a bar to injunctive relief against state officials to compel future compliance with federal law, *Osteen v. Henley*, 13 F.3d 221 (7th Cir. 1993), but, as is discussed below, Plaintiff's Section 1983 claims fail to state a claim for relief and thus his request for injunctive relief should also be dismissed.

### C. Plaintiff Has Failed to State Due Process Claims Upon Which Relief May Be Granted.

To the extent Plaintiff seeks prospective relief, his claims are premised on allegations that the Defendants violated his constitutional rights, and more specifically, his right to due process.[5] A court reviewing the sufficiency of a plaintiff's Section 1983 due process claims must analyze two things. First, the court must determine whether the plaintiff was deprived of a protected interest. Second, it must determine what process was due under the circumstances. *Hess v. Bd. of Trustees of S. Illinois Univ.*, 839 F.3d 668, 673 (7th Cir. 2016).

### 1. Plaintiff Has Failed to Identify a Protected Interest

With regard to the first step of the analysis, the Seventh Circuit has rejected the proposition that an individual has a stand-alone property interest in an education at a state university, including

---

[5] To the extent Plaintiff asserts a "facial" challenge to the Policy & Procedures, such a challenge fails. A facial constitutional challenge is, "the most difficult challenge to mount successfully, since the challenger must establish that no set of circumstances exists under which the act would be valid." *See, e.g., United States v. Salerno*, 481 U.S. 739, 745 (1987). The fact that an act might operate unconstitutionally under some conceivable set of circumstances is insufficient to render it wholly invalid. *Id.* A successful facial attack means the act is wholly invalid and cannot be applied *to anyone. Ezell v. City of Chicago*, 651 F.3d 684, 698–99 (7th Cir. 2011) (emphasis in original). In other words, the challenger must establish that an act is unconstitutional *in all* its applications. *Id.* (Emphasis in original). A facial challenge based on concerns about due process is fundamentally difficult to prove – namely because "[d]ue process is a flexible concept whose procedures depend on the particular circumstances of each case. *Wallace v. Tilley,* 41 F.3d 296, 300 (7th Cir. 1994). "It, at the very least, requires notice of charges and an opportunity to be heard." *Id.* In the present case, Plaintiff has not alleged (nor could he) that the Policy & Procedures do not provide these two components. While litigants may argue about what specific process is required, that discussion is case-specific and is not appropriate for a facial challenge. Thus, to the extent Plaintiff asserts a facial challenge to the Policy & Procedure, such a challenge must fail.

a graduate education. *Charleston v. Bd. of Trustees of Univ. of Illinois at Chicago*, 741 F.3d 769, 772 (7th Cir. 2013). Instead, to establish a property interest, a plaintiff student must show that he has a *legally protected entitlement* to his continued education at the university, evidenced by an express or implied contract with the school. *Id.* at 773. To establish a liberty interest, a plaintiff student must establish that the defendants publicly made defamatory statements about him that led to a tangible loss of opportunities. *Doe v. Bd. of Trustees of Univ. of Illinois*, 429 F. Supp. 2d 930, 942 (N.D. Ill. 2006).

In the present case, Plaintiff has not (and cannot) identify a protected interest – he has already graduated, and thus cannot assert a legally protected entitlement to continued education at SIUE. In fact, he is currently attending a graduate program at another school. (Compl. ¶ 32-43). Plaintiff has also failed to identify a liberty interest, in that he has not (and cannot) allege that the Defendants have made public defamatory statements about him. To the extent the allegations regarding Plaintiff become public, that is only because Plaintiff has filed the present lawsuit and not because of any actions by SIUE or Chancellor Pembrook. For these reasons, Plaintiff's Section 1983 claims fail, and should be dismissed.

### 2. To the Extent Plaintiff is Entitled to Due Process, He has Received All of the Process to Which He is Entitled.

Even assuming Plaintiff has identified a protected interest, his Section 1983 claims fail because he has received all process to which he would be entitled. The hallmarks of procedural due process in the context of student discipline proceedings are notice and an opportunity to be heard. *Pugel v. Bd. of Trustees of Univ. of Illinois*, 378 F.3d 659, 662 (7th Cir. 2004). However, a student's rights in the academic disciplinary process are not co-extensive with the rights of litigants in civil trials or defendants in criminal trials. *Osteen v. Bd. of Regents of Regency Universities*, No. 91 CV 20247, 1992 WL 74995, at *5 (N.D. Ill. Apr. 8, 1992), *aff'd*, 13 F.3d 221

(7th Cir. 1993).  Due process does not require a judicial or quasi-judicial trial before a school may punish misconduct. *Hess v. Bd. of Trustees of S. Illinois Univ.*, 839 F.3d 668, 677 (7th Cir. 2016). Courts give deference to university discipline procedures and presume that administrators are honest and impartial. *Id.* at 675.  To demonstrate a substantive due-process violation, plaintiff students must show that the university's actions were so wholly arbitrary as to shock the conscience. *Id.* at 677.

The Seventh Circuit has observed that in the context of college disciplinary proceedings, the amount of process that is due "requires consideration of the cost of the additional procedure sought, the risk of error if it is withheld, and the consequences of error the person seeking the procedure."  *Osteen,* 13 F.3d 221 at 226.  In *Osteen*, the Seventh Circuit examined the process provided to a student who had been expelled from his university for a period of two years, specifically examining an assertion that the student had the right to counsel.  That student had not completed his degree at the time but was able to enroll at another institution.  The Seventh Circuit noted that:

> Even if a student has a constitutional right to *consult* counsel. . .we do not think he is entitled to be represented in the sense of having a lawyer who is permitted to examine or cross-examine witnesses, to submit and object to documents, to address the tribunal, and otherwise to perform the traditional function of a trial lawyer.  To recognize such a right would force student disciplinary proceedings into the mold of adversary litigation.

*Osteen,* 13 F.3d 221 at 225.  The court also noted that the right to counsel in such proceedings (to the extent such a right even exists) "seems excruciatingly narrow," and noted that plaintiff was provided "the right to *consult* with counsel" and that "he had no greater right."  *Id.* at 226.

Even assuming that Plaintiff was deprived of a protected interest, he received sufficient procedural due process in that he was given ample notice and opportunities to be heard in this

matter.  Plaintiff was given an opportunity to explain his side of the story during the investigation.  Plaintiff was provided with an opportunity to present information, rebut evidence, and present witnesses at the hearing before SIUE's Sexual Harassment Panel.  Plaintiff was permitted to have counsel present throughout the hearing process.

Plaintiff was also allowed to question his accuser by providing the hearing panel with written questions in advance of the hearing.  Although Plaintiff would have preferred to cross-examine his accuser directly, SIUE has a legitimate interest in avoiding procedures that may subject an alleged victim to further harm or harassment.  As the case law suggests, full-scale adversarial hearings in school disciplinary proceedings are simply not required by the Due Process Clause.  Plaintiff's claims that he was entitled to have the panel consider a "motion to dismiss" or that he had the right to have his counsel participate more actively in the hearing process are simply incorrect statements of the law, as demonstrated by the Seventh Circuit's opinion in *Osteen.*

Plaintiff has also failed to establish a substantive due process violation.  The Defendants acted reasonably and appropriately throughout the process, and ultimately made detailed and logical findings based on the evidence presented.  The Defendants' actions certainly do not shock the conscience.  Plaintiff might be frustrated with the results of the investigation and various aspects of the hearing and appeal process, but his frustrations do not amount to a deprivation of due process.  For these reasons, Plaintiff's Section 1983 due process claims should be dismissed.

III.   **COUNTS IV AND V (TITLE IX OF THE EDUCATION AMENDMENTS OF 1972, 20 U.S.C. § 1681 *et seq.*) FAIL TO STATE CLAIMS UPON WHICH RELIEF MAY BE GRANTED AGAINST DEFENDANTS**

Counts IV and V of Plaintiff's Complaint assert claims against SIUE and Chancellor Pembrook for "disparate treatment based on sex" pursuant to Title IX of the Education Amendments of 1972, 20 U.S.C. § 1681 *et seq*.  (Compl. ¶ 44-56).  Plaintiff generally alleges that

Defendants have failed to follow Title IX's administrative regulations concerning the implementation of an impartial grievance procedure for sexual harassment claims.  (Compl. ¶ 46). Plaintiff claims that, "[i]n the manner in which it approaches the investigation, adjudication, and appeal of allegations of sexual misconduct, SIUE creates an environment in which the accused is nearly assured of a finding of responsibility." (Compl. ¶ 52).  Finally, Plaintiff asserts, "Defendant, SIUE, has not provided a legally sufficient rationale for creating and applying different standards for the accused and the accuser in a sexual misconduct matter," and that, "this denies the accused his fundamental due process rights and deprive these male students of educational opportunities solely on the basis of their sex." (Compl. ¶ 53, 47).

### a. Plaintiff Has Failed to State Title IX Claims Upon Which Relief May Be Granted

Title IX provides that no person "shall, on the basis of sex, be excluded from participation in, be denied the benefits of, or be subjected to discrimination under any educational program or activity receiving Federal financial assistance." 20 U.S.C. § 1681(a).  To sufficiently plead Title IX sex discrimination, a plaintiff must allege: 1) that he was excluded from participation in or denied benefits of or subjected to discrimination in an educational program; 2) that receives federal financial assistance; and 3) that the exclusion was on basis of sex, i.e., gender.  *Doe v. Columbia Coll. Chicago*, 299 F. Supp. 3d 939, 949–50 (N.D. Ill. 2017).  Title IX does not create a private right of action for disparate impact cases. *Id.*  Instead, Plaintiffs must establish that defendants intentionally engaged in discrimination based on sex. *See, e.g., Ludlow v. Nw. Univ.*, 125 F. Supp. 3d 783, 793 (N.D. Ill. 2015); *Winfield v. Chicago State Univ.*, 2006 WL 2524137, at *4 (N.D. Ill. Aug. 30, 2006).

As an initial matter, Plaintiff's Title IX claims against Chancellor Pembrook should be dismissed because Chancellor Pembrook is an individual, and not an educational program that

receives federal financial assistance. *Fitzgerald v. Barnstable Sch. Comm.*, 555 U.S. 246, 257 (2009) (Title IX reaches institutions and programs that receive federal funds, but it does not authorize suit against school officials, teachers, and other individuals).

Plaintiff's Title IX claims against SIUE should be dismissed for a variety of reasons.  First, no private right of action exists for alleged violations of Title IX's administrative regulations. *Gebser v. Lago Vista Indep. Sch. Dist.*, 524 U.S. 274, 292 (1998) (No private right of action exists under Title IX for alleged failure by school district to adopt an effective policy and grievance procedure for sexual harassment claims in accordance with federal regulations).  Thus, Plaintiff's claim that SIUE did not follow Title IX's administrative regulations concerning the implementation of an impartial grievance procedure for sexual harassment allegations fails to state a claim upon which relief can be granted.

Plaintiff's Title IX claims against SIUE for alleged sex discrimination are also insufficient. Courts have recognized two distinct categories of Title IX claims attacking university disciplinary proceedings: "erroneous outcome" claims and "selective enforcement" claims. *Blank v. Knox Coll.*, 2015 WL 328602, at *3 (C.D. Ill. Jan. 26, 2015) *citing Yusuf v. Vassar Coll.*, 35 F.3d 709, 715 (2d Cir. 1994).  Under either theory, to survive a motion to dismiss, a Plaintiff "must provide some allegations to allow the Court to infer a causal connection between his treatment and gender bias and raise the possibility of relief under Title IX above the speculative level." *Doe v. Columbia Coll. Chicago* at 950.

Although Title IX does not create a private right of action for disparate impact cases, Plaintiff explicitly labels his Title IX claims, "disparate treatment based on sex."  Furthermore, Plaintiff does not specify which theory his Title IX claims are brought under.  As such, both recognized categories of claims attacking university disciplinary proceedings are analyzed below.

Under either theory, Plaintiff has failed to establish that intentional discrimination occurred because of his sex, and instead asserts bare legal conclusions of gender discrimination that are insufficient to support claims under Title IX. *See Ludlow v. Northwestern Univ.*, 125 F. Supp. 3d 783, 793 (N.D. Ill. 2015)*; Torrespico*, 1998 WL 703450, at *18 n. 11.

### b. Erroneous Outcome

An "erroneous outcome" claim under Title IX asserts that the plaintiff was innocent and wrongly found to have committed an offense. *Blank v. Knox Coll.*, 2015 WL 328602, at *3 (C.D. Ill. Jan. 26, 2015). Plaintiffs asserting "erroneous outcome" claims must allege "particular circumstances suggesting that gender bias was a motivating factor behind the erroneous finding." *Id.*; *see also Torrespico v. Columbia College, No. 97 C 8881*, 1998 WL 703450, at *18 n. 11 (N.D. Ill. Sept. 30, 1998). Allegations that a Plaintiff was denied fair procedures during an investigation "because he is male" are the kind of conclusory statements that courts should reject as insufficient to plead these claims. *Ludlow v. Northwestern Univ.*, 125 F. Supp. 3d 783, 792 (N.D. Ill. 2015).

Plaintiff's Title IX claims in this case are fundamentally similar to the Plaintiff's claims in *Ludlow v. Northwestern University, et al.* In that case, a Northwestern University professor brought an action against the university and several of its employees, alleging that the university's investigation of sexual harassment allegations against him violated Title IX because the investigation process was biased against him because he was a man, and that the university's findings were flawed. *Ludlow v. Northwestern Univ.*, 125 F. Supp. 3d 783, 791 (N.D. Ill. 2015).

The United States District Court for the Northern District of Illinois found Plaintiff's pleadings deficient, noting that, "the mere fact that Plaintiff is male and Jane Doe is female does not suggest that the disparate treatment was *because of* Plaintiff's sex," and that Plaintiff's claim regarding the university's investigation procedure, "points to a victim-focused procedure by [the

university], not a procedure that took the gender of the victim and the accused into account." *Id.* at 792-793.  The Court further held that Plaintiff failed to plead any of the recognized "indicators" sufficient to show gender bias as a motivating factor in a disciplinary decision, i.e. "statements by members of the disciplinary tribunal, statements by pertinent university officials, or patterns of decision-making that also tend to show the influence of gender." *Id.* at 793.  The Court ultimately dismissed Plaintiff's Title IX claims. *Id.* at 794.

Similar to *Ludlow*, Plaintiff's allegations that SIUE's investigation and hearing procedures were flawed and biased are not connected in any way to his sex and are wholly conclusory. Plaintiff has not alleged any of the recognized "indicators" of gender bias, such as discriminatory statements by the investigator, members of SIUE's Sexual Harassment Panel, or Chancellor Pembrook, nor has Plaintiff provided any evidence of patterns of decision-making by SIUE that tends to show the influence of gender.  If anything, Plaintiff's Title IX allegations regarding SIUE's Sexual Harassment Complaint Procedures highlight a procedure that shields victims from protracted encounters with alleged perpetrators, not a procedure that takes the gender of the victim and the accused into account.  Thus, to the extent that Plaintiff's Title IX claims are brought under an "erroneous outcome" theory, such claims should be dismissed.

### c.  Selective Enforcement

A "selective enforcement" claim under Title IX asserts that, regardless of the student's guilt or innocence, the severity of the penalty and/or the decision to initiate the proceeding was affected by the student's gender. *Doe v. Columbia Coll. Chicago*, 299 F. Supp. 3d 939, 957 (N.D. Ill. 2017). "To support a claim of selective enforcement, a male plaintiff must demonstrate that a female was in circumstances sufficiently similar to his own and was treated more favorably by the University." *Id.*  "The male plaintiff must show that the University's actions against the male plaintiff were

motivated by his gender and that a similarly situated woman would not have been subjected to the same disciplinary proceedings. *Id.* Stated another way, plaintiffs bringing selective enforcement claims must allege "something more" than disparate impact. *Ludlow* at 793 (Explaining that plaintiffs must allege, "something more, for example, comparisons to accounts of other accused students; allegations that similarly situated women are treated differently; or, at a minimum, data showing that women rarely, if ever, are accused of sexual harassment, coupled perhaps with evidence that women accused of other university rules violations are treated differently than men are").

Importantly, courts in this Circuit have explicitly held that conclusory allegations of disparate impact are insufficient to support selective enforcement claims. *See Doe* at 958; *Ludlow* at 793. (Arguments such as, "sexual misconduct claims are disproportionately lodged by females against males," and "virtually all cases of sexual assault involve a female victim and male accused," do not support the inference that a university treats males differently, nor do such claims suggest gender discrimination). "If anything, Plaintiffs [making such arguments] have alleged that the University is biased against alleged perpetrators of sexual misconduct, but that does not implicate gender discrimination simply because those alleged perpetrators are typically male [...] survivors and perpetrators alike may be male or female."). *Doe* at 959.

Here, Plaintiff has not established that the SIUE would have treated a female student differently than him under the same circumstances. Instead, Plaintiff relies on conclusory allegations of disparate impact to support his Title IX claims. Such allegations are insufficient to support a "selective enforcement" claim. At best, Plaintiff's claims show that SIUE is biased against alleged perpetrators of sexual misconduct, but that does not amount to gender discrimination simply because those alleged perpetrators are typically male. Thus, to the extent

that Plaintiff's Title IX claims are brought under a "selective enforcement" theory, such claims should be dismissed.

## IV.     COUNT VI (ILLINOIS ADMINISTRATIVE REVIEW LAW, 735 ILCS 5/3–101 *et seq.*) FAILS TO STATE A CLAIM UPON WHICH RELIEF MAY BE GRANTED AGAINST DEFENDANTS

Count VI of Plaintiff's Complaint requests judicial review of Chancellor Pembrook's decision upholding the findings of SIUE's Sexual Harassment Panel under the Illinois Administrative Review Law, 735 ILCS 5/3–101 *et seq.* (Compl. ¶ 57-63). Pursuant to section 3–102 of the Administrative Review Law, judicial review of a final decision of any administrative agency is applicable only where it is expressly adopted by the statute creating or conferring power on the agency involved. 735 ILCS 5/3–102; *Peters v. Bd. of Trustees of S. Illinois Univ.*, 351 Ill. App. 3d 1143, 1147 (2004) (citing *Maas v. Board of Trustees of Community College District No. 529,* 94 Ill. App. 3d 562, 572 (1981)). The statutes creating and governing the operations of Southern Illinois University do not expressly adopt the provisions of the Administrative Review Law. *Peters* at 1147; 110 ILCS 520/0.01 *et seq.* Therefore, Chancellor Pembrook's decision upholding the findings of SIUE's Sexual Harassment Panel is not subject to review under the Administrative Review Law. Consequently, Count VI of Plaintiff's Complaint should be dismissed.

<u>**CONCLUSION**</u>

Defendants, Southern Illinois University at Edwardsville and Randall G. Pembrook, pray this Court enter an order dismissing Plaintiff's Complaint with prejudice and for costs incurred herein, and for any other and further relief as this Court deems just and proper under the circumstances.

Respectfully submitted,

**TUETH, KEENEY, COOPER, MOHAN
& JACKSTADT, P.C.**

By:   __s/ Katherine L. Nash_____
          Katherine L. Nash
          Adam C. Henningsen
          34 N. Meramec Avenue, Suite 600
          St. Louis, MO  63105
          Telephone: (314) 880-3600
          Fax: (314) 880-3601
          knash@tuethkeeney.com
          ahenningsen@tuethkeeney.com

          *Attorneys for Defendants*

## CERTIFICATE OF SERVICE

        I hereby certify that on October 8, 2018, a true and correct copy of the foregoing was electronically served on counsel for Plaintiffs via the United States District Court for the Southern District of Illinois' CM/ECF electronic filing system and via electronic mail upon the following counsel:

Eric M. Rhein
Eric M. Rhein, P.C.
6897 West Main Street
Belleville, Illinois 62223-3028
Telephone:  (618) 394-9230
Fax:  (618) 394-9404
Email:  ericrhein@icloud.com

                                    s/Katherine L. Nash_____