IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| L.M., <br><br> Plaintiff, <br><br> v. <br><br> SOUTHERN ILLINOIS UNIVERSITY AT EDWARDSVILLE (SIUE) and RANDALL G. PEMBROOK, in his official capacity as Chancellor of SIUE, <br><br> Defendants. | Case No. 18-cv-1668-NJR-GCS |

# MEMORANDUM AND ORDER

**ROSENSTENGEL, Chief Judge:**

Pending before the Court is a Motion to Dismiss Plaintiff's Complaint filed by Defendants Southern Illinois University at Edwardsville and Randall Pembrook (Docs. 10 and 11).

## FACTUAL BACKGROUND

Plaintiff, L.M., was a male student at Southern Illinois University at Edwardsville ("SIUE") (Pl.'s Compl., Doc. 1-1, ¶ 1-5). For months prior to October 15, 2017, L.M. had a strictly sexual relationship[1] with a female student, C.M. (Doc. 1-1, ¶ 1-5). On October 15, 2017, C.M. went to L.M.'s apartment where they drank alcohol and had sex three times (*Id.*).

Approximately one month later, C.M. went to SIUE authorities and disclosed that

---

[1] The Complaint alleges that they did not have a romantic relationship and never went on a formal "date" (Doc. 1-1, ¶ 4).

she had been sexually assaulted on October 15, 2017 (*Id*. at ¶ 7). An investigation into the sexual assaults began in April 2018 (*Id*.). On April 25, 2018, SIUE's Associate Dean Shustrin issued a written investigation report finding L.M. had sex with C.M. at times when, due to C.M.'s ingestion of alcohol, she was unable to give knowing consent (*Id*. at ¶ 8). L.M. appealed the investigator's findings of two incidents of guilt (*Id*. at ¶ 13).

The appeal went to SIUE's Sexual Harassment Panel ("Panel"), which held a hearing with live testimony on May 18, 2018 (*Id*.). L.M. complains about the procedures of this hearing including: L.M.'s lawyer being unable to speak during the proceeding, L.M.'s lawyer being unable to conduct direct or cross examinations of witnesses, and the Panel's handling of the cross-examination questions that L.M.'s counsel submitted to them (*Id*. at ¶ 17-21).

On June 4, 2018, the Panel issued its report of findings (*Id*. at ¶ 22). Specifically, the Panel found L.M. guilty of sexual harassment of C.M. at 2:00 a.m. on October 15, 2017 (*Id*. at ¶ 23). The Panel found L.M. innocent of sexual harassment at 4:00 a.m. and 10:00 a.m., which were the other two times L.M. and C.M. had sex on October 15, 2017 (*Id*.).

L.M. appealed the Panel's decision to Chancellor Pembrook. Chancellor Pembrook, also a defendant in this case, upheld the Panel's decision to discipline L.M. and stated that L.M. "has received all due process rights afforded by University policy." (*Id*. at ¶ 25).

On July 23, 2018, L.M. filed suit in Madison County state court, and the case was removed here on August 30, 2018 (Doc. 1). L.M.'s Complaint alleges the following six counts:

> **Count I -** Declaratory Judgment under 42 U.S.C. § 1983 that SIUE's sex harassment policies and procedures violate due process and violated L.M.'s constitutional rights;
>
> **Count II -** Injunctive Relief under 42 U.S.C. § 1983;
>
> **Count III -** In the alternative, an award of Compensatory Damages under 42 U.S.C. § 1983;
>
> **Count IV -** Violation of Title IX, 20 U.S.C. § 1681, *et seq.*—Disparate Treatment Based on Sex;
>
> **Count V -** Violation of Title IX, 20 U.S.C. § 1681, *et seq.*—Disparate Impact Based on Sex; and
>
> **Count VI -** Administrative Review and Relief and Vacation of the adverse determination of SIUE and Defendant Pembrook of June 19, 2018.

## LEGAL STANDARD

In evaluating a motion to dismiss brought pursuant to Federal Rule of Civil Procedure 12(b)(6), a district court must treat all well-pleaded facts as true and draw all reasonable inferences in favor of the non-moving party. *Trujillo v. Rockledge Furniture LLC*, 926 F.3d 395, 397 (7th Cir. 2019). Taking the factual allegations as true, a complaint must "state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A plaintiff must plead particularized factual content, not conclusory allegations, that allows the court to plausibly infer the defendant is liable for the alleged misconduct." *Doe v. Columbia Coll. Chi.*, 933 F.3d 849, 854 (7th Cir. 2019).

## ANALYSIS

### I. Counts I and II

Counts I and II seek declaratory and injunctive relief under relief under 42 U.S.C. § 1983 based on a theory of deprivation of due process. The Seventh Circuit

follows a two-part analysis in procedural due process cases: "First, the court must identify the protected property or liberty interest at stake. Second, it must determine what process is due under the circumstances." *Charleston v. Bd. of Trustees of Univ. of Illinois at Chicago,* 741 F.3d 769, 772 (7th Cir. 2013). There are two protected interests the Seventh Circuit has recognized in university discipline due process cases: (1) a protected property interest; and (2) a protected liberty interest. *See Doe v. Purdue Univ.*, 928 F.3d 652, 660-63 (7th Cir. 2019). Thus, to survive a motion to dismiss, L.M. must allege he was deprived of a property interest or liberty interest. The Complaint fails to specifically allege the "property interest" or "liberty interest" that was violated, so the Court is left to piece the factual allegations together to see if a potential property interest or liberty interest is implicated.

### A. Property Interest

The Seventh Circuit has held a property interest in higher education is a matter of contract between the student and the university. *See Bissessur v. Ind. Univ. Bd. of Trs.*, 581 F.3d 599, 601 (7th Cir. 2009) (The "basic legal relation between a student and a private university or college is contractual in nature"). In a complaint for deprivation of a property interest by a university, the "university student must do more than show that he has a contract with the university; he must establish that the contract entitled him to the specific right that the university allegedly took, such as the right to a continuing education or the right not to be suspended without good cause." *Purdue Univ.*, 928 F.3d at 660 (quotations and citations omitted). "[T]he student's complaint must be specific about the source of this implied contract, the exact promises the university made to the

student, and the promises the student made in return." *Charleston v. Bd. of Trs. of Univ. of Ill. at Chi.*, 741 F.3d 769, 773 (7th Cir. 2013).

Here, the Complaint fails to specify any specific promise the school made to L.M. that was protected by due process. Even though it mentions various interests of L.M. (although these are only mentioned under Count III), including being able to take another year of education at SIUE, his FAFSA funding, and his fourth-year scholarships, the Complaint fails to allege a specific promise the school made to him to allow him to take another year of education at SIUE, or a specific promise to give FAFSA funding, or a specific promise to grant fourth year scholarships. Because the Complaint has failed to specify "the exact promises the university made to the student, and promises the student made in return[,]" *Id.*, L.M. has failed to adequately allege that he was deprived of a property interest.

### B. Liberty Interest

L.M.'s Complaint also fails to allege a protected liberty interest that would allow him to seek relief based on procedural due process. "The concept of liberty in Fourteenth Amendment jurisprudence has long included the liberty to follow a trade, profession, or other calling." *Lawson v. Sheriff of Tippecanoe Cty., Ind.*, 725 F.2d 1136, 1138 (7th Cir. 1984). "It is the liberty to pursue a calling or occupation, and not the right to a specific job, that is secured by the Fourteenth Amendment." *Wroblewski v. City of Washburn*, 965 F.2d 452, 455 (7th Cir. 1992). The Supreme Court has assumed there is a liberty interest in higher education at a public university. *See Bd. of Curators of the Univ. of Mo. v. Horowitz*, 435 U.S. 78, 82–85 (1978).

L.M. might have a liberty interest in higher education, but he has failed to clearly allege this. In his response to the motion to dismiss, L.M. argues that he "has a protected interest because the suspension for one year stops him from pursuing a second Bachelor's Degree, a degree he will contend in a First Amended Complaint that he would have pursued, but for the suspension." (Doc. 18, p. 4). This interest is obviously not alleged in the original Complaint, and this argument is not sufficient to defeat a motion to dismiss directed at that Complaint.

C. **Substantive Due Process**

"There are two types of substantive due process violations." *T.E. v. Grindle*, 599 F.3d 583, 589 (7th Cir. 2010). "The first occurs when the state actor's conduct is such that it 'shocks the conscience.'" *Id*. "The second occurs when the state actor violates an identified liberty or property interest protected by the Due Process Clause." *Id*.

As explained above, the Complaint fails to clearly define the specific liberty or property interest that was violated here. The Complaint also does not clearly delineate what allegations relate to a substantive due process claim. L.M. appears to be alleging that the Procedures and Policies violate substantive due process because they did not allow counsel to conduct direct examination of L.M. or cross-examination of C.M., and because counsel could only submit written questions in advance. To survive a motion to dismiss, a plaintiff must allege that the defendant's actions (1) were arbitrary and irrational and (2) shock the conscience. *Pyles v. Vill. of Manteno*, No. 13-CV-2114, 2013 WL 6459484, at *5 (C.D. Ill. Dec. 9, 2013) (citing *Altman v. City of Chicago*, 99 C 6496, 2000 WL 6458932, at *5 (N.D. Ill. Oct. 25, 2000)).

As to the Procedures and Policies that did not allow counsel to conduct cross examination and speak at the hearing, L.M. alleges that this is "irrational" and "shocks the conscience." (Doc. 1-1, p. 12-13). Whether certain conduct shocks the conscience is "a necessarily fact-bound inquiry," and not appropriately decided at the motion to dismiss stage. *Eilenfeldt v. United C.U.S.D. #304 Board of Education*, 84 F. Supp. 3d 834, 845 (C.D. Ill. 2015) (citing *King ex rel. King v. E. St. Louis Sch. Dist. 189*, 496 F.3d 812, 818 (7th Cir. 2007)); *see also Fenner v. Freeburg Community High School District No. 77*, No. 15-0729-DRH, 2016 WL 633898, at *3 (S.D. Ill. Feb. 17, 2016). Defendants have not cited to authority demonstrating why this particular allegation fails to state a substantive due process claim. Thus, L.M.'s substantive due process claim will not be dismissed at this stage of the proceedings. To the extent L.M. seeks to allege that various other procedures violated substantive due process, however, he must specifically allege that those procedures were arbitrary and irrational and shock the conscience.

Accordingly, Counts I and II, to the extent that they raise a procedural due process claim, are dismissed without prejudice. Counts I and II, to the extent they raise a substantive due process claim relating to Procedures and Policies that disallow counsel to conduct cross examination and speak at the hearing, will proceed.

**II.     Count III**

Count III seeks an alternative award of compensatory damages under Section 1983. Defendants argue that Count III should be dismissed because the Eleventh Amendment immunizes SIUE and Chancellor Pembrook from Section 1983 money damage claims because both defendants are "alter egos" of the state. L.M. concedes Count

III should be dismissed (Doc. 18, p. 1). Because Defendants SIUE and Chancellor Pembrook (sued in his official capacity) are not persons within the meaning of Section 1983, Count III is dismissed with prejudice. *See, e.g., Kaimowitz v. Bd. of Trs. of the Univ. of Ill.*, 951 F.2d 765, 767 (7th Cir. 1991) ("[A] state university is not a person within the meaning of § 1983 and therefore not subject to suits brought under § 1983.").

### III. Counts IV and V

Counts IV and V allege claims against Defendants for violations of Title IX, alleging "disparate treatment based on sex" and "disparate impact based on sex." Title IX states that "[n]o person in the United States shall, on the basis of sex, be excluded from participation in, be denied the benefits of, or be subjected to discrimination under any education program or activity receiving Federal financial assistance." 20 U.S.C. § 1681(a). Defendants argue that Counts IV and V, as asserted against Chancellor Pembrook, should be dismissed because Chancellor Pembrook is an individual. Defendants further argue that L.M.'s Title IX claims against SIUE fail to state a claim upon which relief can be granted.

L.M. concedes that Chancellor Pembrook is not an appropriate defendant for the Title IX claims (Doc. 18, p. 1-2). L.M. further concedes that more specificity is required as to the Title IX claims against SIUE (*Id.*). Accordingly, the Title IX claims against SIUE are dismissed without prejudice. The Title IX claims against Chancellor Pembrook, however, are dismissed with prejudice.

### IV. Count VI

Count VI alleges a state law claim for judicial review of the administrative decision of SIUE's Sexual Harassment Panel. Illinois Administrative Review Law permits judicial

review of state administrative determinations, but applies only where it has been adopted by express reference in the statute creating or conferring jurisdiction on the administrative agency involved. 735 ILCS 5/3-102 ("This Article III shall apply to and govern every action to review judicially a final decision of any administrative agency where the Act creating or conferring power on such agency, by express reference, adopts the provisions of this Article or its predecessor, the Administrative Review Act.").

Defendants argue that the statutes creating and governing the operations of Southern Illinois University, 110 ILCS 520/0.01 *et seq.*, do not expressly adopt the provisions of the Administrative Review Law. L.M.'s only argument in response is that SIUE is an "administrative agency" under the Act and subject to review under the Act. But L.M. fails to point to any express reference to Administrative Review Law, and the Court finds that the statutes are silent with respect to judicial review of disciplinary determinations. *See* 110 ILCS 520/0.01 *et seq*. Thus, the decision of SIUE's Sexual Harassment Panel does not appear to be subject to review under the Administrative Review Law. *See Peters v. Bd. of Trustees of S. Illinois Univ.*, 351 Ill. App. 3d 1143, 1147, 816 N.E.2d 1, 3-4 (2004) (similarly finding that "[t]he statutes creating and governing the operations of Southern Illinois University and its board of trustees do not expressly adopt the provisions of the Administrative Review Law"). Accordingly, Count VI of the Complaint is dismissed with prejudice.

## Conclusion

For the reasons set forth above, the Court **GRANTS in part** the Motion to Dismiss filed by Defendants Southern Illinois University at Edwardsville and Randall Pembrook

(Docs. 10 and 11). Counts I and II, to the extent they raise procedural due process claims, are **DISMISSED without prejudice**. Counts III and VI are **DISMISSED with prejudice**. Counts IV and V as against Randall Pembrook are **DISMISSED with prejudice**. Counts IV and V as against Southern Illinois University at Edwardsville are **DISMISSED without prejudice**. L.M. is granted leave to file an Amended Complaint on or before **November 27, 2019**.

In so doing, L.M.'s counsel is advised to consult Rule 8(a)'s requirement that a complaint contain a "short and plain statement" of the claim. The purpose of a complaint is to give the defendants notice of the specific causes of action being asserted against them and the alleged misconduct that gives rise to those claims. Moreover, it is inappropriate to include argument in a complaint.

**IT IS SO ORDERED.**

**DATED:   November 6, 2019**

**s/ Nancy J. Rosenstengel**_____
**NANCY J. ROSENSTENGEL**
**Chief U.S. District Judge**
