## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF ILLINOIS
## EAST ST. LOUIS DIVISION

| | | |
|---|---|---|
| L.M. | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | **Case No.  18-1668-NJR** |
| **v.** | ) | |
| | ) | |
| **BOARD OF TRUSTEES OF** | ) | |
| **SOUTHERN ILLINOIS UNIVERSITY** | ) | |
| | ) | |
| **Defendant.** | ) | |

### DEFENDANT'S RESPONSE TO PLAINTIFF'S MOTION TO REMAND

COMES NOW Defendant Board of Trustees of Southern Illinois University ("SIU" or "University"), by and through its attorneys, TUETH KEENEY COOPER MOHAN & JACKSTADT, P.C., and for its Response to Plaintiff's Motion to Remand (Doc. 55), states as follows:

Pending before the Court is Plaintiff's Motion to Remand (Doc. 55).  The Court has broad discretion to decide whether to keep the case or relinquish supplemental jurisdiction over Plaintiff's state-law claims.  For the reasons set forth in greater detail below, Defendant Board of Trustees of Southern Illinois University requests that the United States District Court for the Southern District of Illinois retain jurisdiction over this case.

### PROCEDURAL HISTORY

1.      Plaintiff's claims arise out of SIUE's finding that Plaintiff engaged in conduct that violated SIU's Sexual Assault, Sexual Misconduct and Relationship Violence Policy & Procedures ("Policy & Procedures").

2.      On or about July 23, 2018, Plaintiff L.M., ("Plaintiff") filed a Complaint in the Circuit Court for the 3rd Judicial Circuit, Madison County, Illinois, Case No. 2018MR000302.

3.      Plaintiff originally asserted claims against the Defendants under Title IX of the Education Amendments of 1972, 20 USC §§ 1681-1688 ("Title IX"), Section 1983 of Title 42 the U.S. Code, 42 USC § 1983 ("Section 1983"), and the Illinois Administrative Review Law, 735 ILCS 5/3–101 *et seq.* ("state law claims").

4.      On August 30, 2018, Defendants removed this case to the United States District Court for the Southern District of Illinois pursuant to 28 U.S.C. § 1441; 28 U.S.C. § 1446; and 28 U.S.C. § 1367, on the basis that this Court had original jurisdiction over Plaintiff's Title IX and Section 1983 claims, and supplemental jurisdiction over Plaintiff's state law claims.

5.      On October 8, 2018, the Defendants filed a Motion to Dismiss Plaintiff's Complaint.  (Doc. 10, 11).

6.      On November 6, 2019, the Court entered an order granting Defendants' Motion to Dismiss, in part.  (Doc. 46).  Some of Plaintiff's causes of action were dismissed with prejudice, some were dismissed without prejudice.  *Id.*  The Court granted Plaintiff leave to file an Amended Complaint.  *Id.*

7.      On November 27, 2019, Plaintiff filed his First Amended Complaint against SIU. (Doc. 49).

8.      In his First Amended Complaint, Plaintiff no longer alleges violations of federal statutes, and instead now seeks equitable relief in the form of a declaratory judgment and a permanent injunction under Illinois law.  (Doc. 49).  However, Plaintiff's fundamental claims are the same as they were in his original Complaint.[1]

---

[1] In his First Amended Complaint, Plaintiff disagrees with the outcome of the investigation, the subsequent hearing before SIUE's Sexual Harassment Panel, and Chancellor Pembrook's decision upholding the findings of SIUE's Sexual Harassment Panel.  (Doc. 49).  Plaintiff thus seeks to "overturn and nullify the findings by Defendant."  *Id.* Plaintiff also seeks to enjoin SIU from using SIUE's Sexual Harassment Complaint Procedures in the future, as Plaintiff claims that these procedures, "do not comport with basic due process under the Illinois Constitution."  *Id.*

9.      On December 18, 2019, SIU filed a Motion to Dismiss Plaintiff's First Amended Complaint.  (Doc. 53, 54).

10.     On December 26, 2019, Plaintiff filed a Motion to Remand.  (Doc. 55, 56).

11.     Plaintiff argues that there is "no longer federal jurisdiction in this case" because Plaintiff is no longer asserting Title IX or Section 1983 claims.  (Doc. 56).

## ARGUMENT

12.     The supplemental jurisdiction statute provides that a district court may decline to exercise supplemental jurisdiction over state-law claims if all the claims over which it had original jurisdiction are dismissed. 28 U.S.C. § 1367(c)(3).

13.     However, as the United States Court of Appeals for the Seventh Circuit has stated, "[w]hen federal claims drop out of the case, leaving only state-law claims, the district court has broad discretion to decide whether to keep the case or relinquish supplemental jurisdiction over the state-law claims." *RWJ Mgmt. Co. v. BP Prod. N. Am., Inc.*, 672 F.3d 476, 478 (7th Cir. 2012).

14.     While there is a presumption that district courts will relinquish jurisdiction over supplemental state-law claims where the federal claims drop out of the case, the Seventh Circuit has identified several situations that may displace the presumption, namely where substantial judicial resources have already been committed, so that sending the case to another court will cause a substantial duplication of effort.  *See, e.g., Sharp Elecs. Corp. v. Metro. Life Ins. Co.*, 578 F.3d 505, 515 (7th Cir. 2009).

15.     This case has been pending in the Southern District of Illinois since August 30, 2018.  Since that time, the Court has devoted substantial judicial resources to the case.  For example, on June 18, 2019, Judge Sison spent an entire day facilitating a settlement conference

with the parties.  (Doc. 38).  The Court has also made significant dispositive rulings, including the

Court's detailed order granting Defendants' Motion to Dismiss, in part.  (Doc. 46).

16.     As set forth in greater in detail, above, although Plaintiff's First Amended

Complaint no longer alleges violations of federal statutes, Plaintiff's fundamental claims are the

same as they were in his original Complaint.

17.     SIU has filed a Motion to Dismiss Plaintiff's First Amended Complaint.  (Doc. 53,

54).  This motion is currently pending before the Court.[2]

18.     Because this Court is thoroughly familiar with the parties and the issues involved,

transferring the case at this time would cause a substantial duplication of effort.

WHEREFORE, for the reasons set forth above, Defendant Board of Trustees of Southern

Illinois University requests that the United States District Court for the Southern District of Illinois

retain jurisdiction over this case.

**TUETH, KEENEY, COOPER, MOHAN
& JACKSTADT, P.C.**

By:  *s/ Adam Henningsen*
       Katherine L. Nash
       Adam C. Henningsen
       34 N. Meramec Avenue, Suite 600
       St. Louis, MO  63105
       Telephone: (314) 880-3600
       Fax: (314) 880-3601
       knash@tuethkeeney.com
       ahenningsen@tuethkeeney.com

**Attorneys for Defendant**

---

[2] In his memorandum in support of the Motion to Remand, Plaintiff suggests that SIU had an ethical obligation to proactively raise the jurisdictional issue with the Court instead of filing a Motion to Dismiss Plaintiff's First Amended Complaint.  However, as the Seventh Circuit caselaw states, the Court has broad discretion to decide whether to keep the case or relinquish supplemental jurisdiction over the state-law claims, and the Court's ultimate decision on this issue will not be "directly adverse" to any position taken by SIU in its Motion to Dismiss Plaintiff's First Amended Complaint.  Thus, counsel for SIU disagrees with Plaintiff's suggestion that filing a Motion to Dismiss Plaintiff's Amended Complaint somehow violated the Illinois Rules of Professional Conduct.

**CERTIFICATE OF SERVICE**

I hereby certify that on January 17, 2020, a true and correct copy of the foregoing was electronically served on counsel for Plaintiff via the United States District Court for the Southern District of Illinois' CM/ECF electronic filing system and via electronic mail upon the following counsel:

Eric M. Rhein
Eric M. Rhein, P.C.
6897 West Main Street
Belleville, Illinois 62223-3028
Telephone: (618) 394-9230
Fax: (618) 394-9404
Email:  ericrhein@icloud.com

**Attorney for Plaintiff**

*s/Adam Henningsen*_____