IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| L.M., | |
|---|---|
| Plaintiff, | |
| v. | Case No. 18-cv-1668-NJR |
| THE BOARD OF TRUSTEES OF SOUTHERN ILLINOIS UNIVERSITY AT EDWARDSVILLE (SIUE), | |
| Defendant. | |

# MEMORANDUM AND ORDER

**ROSENSTENGEL, Chief Judge:**

The factual background of this lawsuit is fully set forth in the Court's Memorandum and Order dated November 6, 2019 (Doc. 46), which granted in part and denied in part a motion to dismiss previously filed in this case. Broadly speaking, Plaintiff L.M., a male student at Southern Illinois University at Edwardsville in 2017, disputes how the University handled complaints of sexual harassment brought against him by a fellow female student in late 2017 and early 2018.

Following the entry of that Order, L.M. filed a First Amended Complaint (Doc. 49). The First Amended Complaint "seeks to overturn and nullify the findings by Defendant that Plaintiff, on October 15, 2017, had sexually assaulted the Complainant (referred to as "CM") off the SIUE campus." (Doc. 49, p. 1). It also seeks "to enjoin Defendants from maintaining on Plaintiff's student records its "guilty" finding based on a flawed and unlawful process" (*Id*.) and to enjoin them from using obviously unconstitutional and illegal sexual harassment "Policies and Procedures" in the future. (*Id*. at pp. 1-2). L.M. also seeks a declaratory

judgment that Defendant's Policies and Procedures do not comport with basic due process under the Illinois Constitution. (*Id.* at p. 2). Notably, no federal claims are made in the First Amended Complaint.

L.M. now seeks to remand the action to the Circuit Court of Madison County, Illinois, where the case was originally filed. (Doc. 55). Specifically, L.M. argues that the basis for this Court's federal subject matter jurisdiction asserted in the Notice of Removal (Doc. 1), *i.e.*, federal question subject matter jurisdiction over L.M.'s claims pursuant to 42 U.S.C. § 1983 and Title IX of the Education Amendments of 1972, 20 U.S.C. §§ 1681-1688, no longer exists.

Defendant acknowledges that the federal claims are gone, but it urges the Court to exercise its supplemental jurisdiction over L.M.'s state law claims pursuant to 28 U.S.C. § 1367. Defendant asserts that "substantial judicial resources have already been committed, so that sending [this] case to another court will cause a substantial duplication of effort" and thus the federal court should continue to exercise its subject matter jurisdiction over L.M.'s state law claims. *See, e.g.*, *Sharp Elecs. Corp. v. Metro. Life Ins. Co.*, 578 F.3d 505, 515 (7th Cir. 2009).

The supplemental jurisdiction statute provides that a district court "may decline to exercise supplemental jurisdiction" over state law claims if the court "has dismissed all claims over which it has original jurisdiction." 28 U.S.C. § 1367(c)(3). As Defendant acknowledges, "[w]hen all federal claims in a suit in federal court are dismissed before trial, the presumption is that the court will relinquish federal jurisdiction over any supplemental state-law claims." *Al's Serv. Ctr. v. BP Prods. N. Am.*, 599 F.3d 720, 727 (7th Cir. 2010). Although the presumption is rebuttable, the Seventh Circuit has said "it should not be lightly

abandoned, as it is based on a legitimate and substantial concern with minimizing federal intrusion into areas of purely state law." *RWJ Mgmt. Co. v. BP Prods. N. Am.*, 672 F.2d 476, 479-80 (7th Cir. 1012), *citing Khan v. State Oil Co.*, 93 F.3d 1358, 1366 (7th Cir.1996) and *Huffman v. Hains*, 865 F.2d 920, 923 (7th Cir. 1989) ("[R]espect for the state's interest in applying its own law, along with the state court's greater expertise in applying state law, become paramount concerns.").

To date, the Court has only ruled on a motion to dismiss and asked a Magistrate Judge to pursue settlement discussions (which were not fruitful). The Southern District of Illinois is operating at 50% district judge capacity and has been now—as of today—for a year, with no relief on the horizon. The minimal judicial resources that have been expended so far are nothing to what resolving L.M.'s state law claims may require in the future. And the Court does not see how the state court will be forced to duplicate the efforts spent thus far here in federal court. The state court is well-suited to consider Defendant's motion to dismiss the claims in the First Amended Complaint and to otherwise handle the case from here.

For these reasons, the Court **DECLINES** to exercise its supplemental jurisdiction over L.M.'s remaining claims, **GRANTS** Plaintiff's motion to remand (Doc. 55), and **REMANDS** this action to the Third Judicial Circuit, Madison County, Illinois, for lack of federal subject matter jurisdiction.

**IT IS SO ORDERED.**

**DATED:**   March 31, 2020

_____
**NANCY J. ROSENSTENGEL**
**Chief U.S. District Judge**